TAYLOR *v.* MILLS.

---

Where a creditor, who issues an execution, becomes the purchaser of his debtor's household effects, and leaves them as a matter of kindness (as alleged) in the possession and to be used by the defendant without hire or reward, and that too for a space of eight years, the same will be considered fraudulent as to other creditors. This might not be so where a third person fairly bought and lent them out of mere kindness to the debtor.

If an answer to a judgment creditor's bill shows that the persons, not before the court, claim property in the debtor's possession which the creditor attempts to reach, such persons or their representatives must be made parties before a decree can be had.

---

A judgment creditor's bill; and an attempt was made to fix the defendant as a partner in the firms of Mills, Minturn & Co. and Mills, Brothers & Co., but the answer and proof negatived it—and this ground was abandoned. The answer, however, disclosed furniture and other household effects to be in the defendant's possession and which the counsel for the complainant, John W. Taylor, contended ought to go towards the payment of his debt. It was enumerated in a schedule and stated to belong to John Hone, junr. (since deceased) and Sylvester H. Mills, and to have been loaned by them respectively to the defendant out of benevolence—the one being a brother of the defendant and the other a connection by marriage.

As to the articles of furniture said to belong to the estate of John Hone, junr., it appeared that previous to the tenth day of March one thousand eight hundred and twenty-three, he, John Hone junr., became the purchaser of the same at sheriff's sale, under an execution issued out of the Supreme

Court in his favor against the defendant, at the prices set forth in the schedule, amounting altogether to three hundred and ninety-eight dollars and fifty cents, and being desirous of letting the property to the defendant for the benefit of his family during such period as they might have a necessity for the same, an instrument in writing was executed between them of the date above mentioned, by which it was declared that in consideration of the premises and of one dollar paid by the defendant to Hone, the latter thereby let to him the goods until such period as Hone should demand the same from the defendant, the latter covenanting to render the same to Mr. Hone whenever requested.

The personal property, principally furniture, said to belong to Sylvester H. Mills, had been bought and paid for by him at different times from the year one thousand eight hundred and twenty-seven to one thousand eight hundred and thirty-one, and it was averred that the same had been lent to the defendant from motives of affection for the use of himself and his family, without charge, until called for, and so that when demanded, it was to be given up : although it appeared also that the amount of it had been debited against a salary which Sylvester H. Mills had to pay 'the defendant.

The points for the court were as to the legal effect of these transactions ; and a want of parties—Sylvester H. Mills and the representative of John. Hone junr. not having been made defendants.

Mr. *Anthon*, for the complainant.

Mr. *Sedgwick*, for the defendant.

THE VICE-CHANCELLOR :—As to the furniture said to belong to the estate of John Hone junr.: was the buying it in at the sheriff's sale, and leaving it in possession of the defendant, colorable and fraudulent as to creditors ? or, supposing the purchase to be free from fraud, was the relinquishing possession to the defendant, in the manner mentioned, a gift of the property and a revesting of the title in the defendant. If either of these questions be determined against the com-

*1834.*

TAYLOR
*v.*
MILLS.

*Nov. 11th.*

1834.

TAYLOR
v.
MILLS.

plainant, then the case can be decided at once ; but if it shall be found that the property is liable to the defendant's creditors, then the complainant is met with an objection of want of proper parties.

As a general rule of law, the possession of goods remaining in the vendor or former owner is, in respect to creditors, *prima facie*, evidence of fraud in the sale or transfer. Still, the transaction is always open to be explained by the parties ; the presumption of fraud may be repelled by evidence ; and special circumstances have been admitted to form exceptions to the rule to such an extent as almost to do away with the rule itself: *Sturtevant* v. *Ballard,* 9. J. R. 343, 344 ; *Bissell* v. *Hopkins,* 3 Cow. 189, and note there. But the rule, in form at least, is now written. It is incorporated into the Revised Statutes to serve as a starting point in regard to evidence whenever the question of fraud arises upon a bill of sale or an assignment by way of mortgage of goods of which the vendor or mortgagor retains the possession: 2 R. S. 136. §. 5. The enactment is a convenient one. Parties set out with a presumption, which may be repelled by proof, of the *bona fides* of the transaction and by giving special reasons which the court can approve for the vendor's keeping possession. In the present case, all such explanation is wanting. Mr. Hone was a creditor by judgment. He caused a sale to be made under an execution in his favor. If the object had been to obtain payment of his debt, he would have suffered some of the goods to have been purchased by others—or, if he chose to buy in the whole himself for the purpose of making more of them (and which he might lawfully do), then he would not only have taken a bill of sale from the sheriff with a delivery of the goods, but he would have held the possession for his own use or have reserved something for the hire if let to others. Instead, however, of doing this, he enters into an agreement with his debtor to leave the goods in his possession—not upon hire or for a temporary purpose, but for an indefinite time and freely to be used by the family as long as they might have occasion for them ; and taking only the debtor's covenant to give up the possession whenever demanded. And the goods

were thus held and used by the debtor for a period of more than eight years, when this bill was filed.

I think it is apparent, from these circumstances, that the sheriff's sale was had for the mere purpose of giving a colorable title to Mr. Hone, the creditor, and not of paying his debt or of conferring upon him any real or beneficial ownership in the goods. Hence, the purpose was not legally honest towards other creditors. It was but the semblance of a transfer or sale ; and although it took place under the forms of law, yet, where the creditor who issues the execution becomes himself the purchaser and leaves the goods in the possession and for the use of the defendant without hire or reward, it appears to me to be entitled to no better consideration that if the debtor had made a voluntary sale to his creditor and still retained the possession upon the like terms.

There are, indeed, cases somewhat analogous which are allowed to form exceptions to the general rule and considered as furnishing reasons for upholding a sale where the vendor or former owner is afterwards found in possession of the goods : but in every such case, there is some important fact to distinguish it from the present. Thus, in *Cole* v. *Davies*, 1 Ld. Raym. 724, the goods sold under a *fi. fa.* were purchased for a valuable consideration by a third person— not the plaintiff in the execution—and who left them in the possession of the judgment debtor to be sold and paid for by him as and when he could raise the money; and in *Kidd* v. *Rawlinson*, 2 Bos. & P. 59.—where Lord Eldon decided that a purchaser at a sheriff's sale might leave the goods in possession of the original owner out of benevolence and for a temporary and honest purpose—there the purchaser was a relative and not a creditor and did not buy the goods as a means of satisfying any debt of his own. So, likewise, in *Watkins* v. *Birch*, 4 Taunt, 822, although the plaintiff in a *fi. fa.* became the purchaser at a sheriff's sale, he afterwards, by agreement, let the goods to the defendant at a certain rent, which was regularly paid, and there it was held that the possession in the original defendant, under such circumstances, did not vitiate the title which the plaintiff acquired by the purchase. And in *Guthrie* v. *Wood*, 1 Starkie's Rep.

41

367, a third person bought goods under a landlord's warrant of distress and left them in the possession of the tenant, the original owner; and Lord Ellenborough held that the purchaser's title was good against the creditors of the tenant, the case not being within the statute of Elizabeth against fraudulent conveyances, because the sale had been compulsory and by the landlord and not by the party owning the goods and there was no collusion between the landlord and tenant, which, from the intimation of Lord Ellenborough, would, if proved, have varied the case. None of these cases, in my opinion, serve as a precedent or authority for considering the sale and subsequent letting and the possession of the goods by the defendant in the present case as a valid transaction in respect to creditors. I am not warranted, in saying that the complainant has no right to have the property applied to the payment of his judgment and of the debts of other creditors in the same situation who may have filed bills in this court.

Then, with regard to the property said to belong to Sylvester H. Mills. As all of it was purchased and brought into the defendant's house, where it has remained and no sale or transfer has since been made to change the title or possession, the question whether it belongs to him and is liable for his debts seems to depend upon the circumstances of the original purchases. If bought by the brother or with his money and then lent by him to the defendant out of kindness and from benevolent feelings towards him and his family in consequence of his unfortunate condition in life, there can be no doubt, but the law would regard the brother's right of property in the goods and protect them from the claims of the defendant's creditors. But from the testimony it would seem that although, in the first instance, the property was purchased by the brother's means and paid for out of his funds, yet the purchases were principally made by the defendant himself and he was charged with the amount against his salary, the same being payable by Sylvester H. Mills out of his individual share of profits as a partner in the firms where the defendant was serving in the capacity of a clerk. If such be the fact, then, all the property became the defendant's. The brother, Sylvester H. Mills, who has

been examined as a witness for the complainant, seems to go far towards admitting it. There is some difficulty in reconciling parts of his testimony sufficiently to warrant a dismissal of the creditor's claim on this score.

But, as before remarked, I am embarrassed with the objection of a want of parties. I am at a loss how to make a decree which shall affect the title and possession of the property without having before the court, as parties, the administrator of John Hone junior and Sylvester H. Mills. This objection is well taken. It is, however, not set up in the answer, and is made, for the first time, at the hearing. In ordering the cause to stand over for amendment by adding parties, neither party, under the circumstances, is to have costs of such hearing.

Order accordingly.